UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATTLESS GRIFFIN,

                Plaintiff,

v.                                                   1:14-CV-1288
                                                   (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS        PETER M. MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard St.
Catskill, NY 12414

U.S. SOCIAL SECURITY ADMIN.           SUSAN J. REISS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   DAVID L. BROWN, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

     This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 14.) This case has proceeded in accordance with General Order 18.

     Currently before the Court, in this Social Security action filed by Nattless Griffin ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 11, 13.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on July 6, 1965. (T. 102.) She completed the 11th grade. (T. 140.) Generally, Plaintiff's alleged disability consists of back impairments, leg/knee impairments, migraine headaches, pinched nerve, and asthma. (T. 139.) Her alleged disability onset date is April 7, 2009. (T. 102.) She previously worked in maintenance, as a packer and in childcare. (T. 140.)

### B. Procedural History

On April 24, 2012, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 135.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 11, 2013, Plaintiff appeared before the ALJ, Robert Wright. (T. 23-53.) On July 15, 2013, ALJ Wright issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-22.) On August 25, 2014, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 15-19.) First, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since April 24, 2012. (T. 15.) Second, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine and carpal tunnel syndrome. (*Id.*) The ALJ determined that Plaintiff's left knee surgery and arthropathy, were non-severe impairments. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 15-16.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform unskilled light work; however, Plaintiff could only occasionally handle or finger, and Plaintiff could not reach overhead. (T. 16.)[1] Fifth, the ALJ determined that Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 18-19.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence, because the ALJ failed to consider the effect of Plaintiff's asthma on her ability to work. (Dkt. No. 11 at 3-5 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues Plaintiff's asthma was stable and did not limit her ability to work. (Dkt. No. 13 at 5-10

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

[Def.'s Mem. of Law].) Second, and lastly, Defendant argues an award of benefits is not warranted. (*Id.* at 10.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

4

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the

claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. The ALJ's Evaluation of Plaintiff's Asthma

Plaintiff appears to find error with the ALJ's evaluation of Plaintiff's asthma, and its limitations, at various steps in the sequential process. First, Plaintiff argues the ALJ failed to discuss Plaintiff's asthma at step two. (Dkt. No. 11 at 3 [Pl.'s Mem. of Law].) Second, Plaintiff argues the ALJ failed to evaluate Plaintiff's asthma under SSR 96-8p which requires an ALJ to consider the impact of all of a plaintiff's impairments in his RFC determination. (*Id.* at 3.) Third, Plaintiff appears to argue the ALJ erred in the weight afforded to Plaintiff's treating providers, Theresa Meltz, RPA-C and V. Keukijian, M.D. (*Id.* at 5.)

At step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c). The plaintiff bears the burden of presenting evidence establishing severity. *Miller v. Comm'r of Social Sec.,* No. 05-CV-1371, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008); *see also* 20 C.F.R. § 416.912(a). Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel,* No. 97-CV-5759, 1999 WL 294727, at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert,* 482 U.S. 137, 154 n.12, 107 S.Ct. 2287 (1987)).

In addition, "[w]here an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, No. 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb.18, 2010); *Lasiege v. Colvin*, No. 12-CV-01398, 2014 WL 1269380, at *10-11 (N.D.N.Y. Mar. 25, 2014); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged step two error harmless because the ALJ considered the plaintiff's impairments during subsequent steps); *see also* 20 C.F.R. § 416.923 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). It has been well established that "[b]ecause step two merely serves as a filter to screen out *de minimis* disability claims, a finding of any severe impairment, whether attributable to a single condition or a combination of conditions, is enough to satisfy its requirements." *Kessler v. Colvin*, 48 F.Supp.3d 578, 593 (S.D.N.Y. 2014) (citing *Fortier v. Astrue*, No. 10-CV-01688, 2012 WL 3727178, at *9 (D. Conn. May 11, 2012)).

Here, the ALJ determined Plaintiff suffered from the severe impairments of degenerative disc disease and carpal tunnel syndrome. (T. 15.) Although Plaintiff was diagnosed with asthma, the "mere presence of a disease or impairment, or establishing

7

that a person has been diagnosed or treated for a disease or impairment" is not, itself, sufficient to deem a condition severe. *McConnell v. Astrue,* No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y.2008) (citing *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y.1995)). In *McConnell*, the ALJ did not address a particular impairment at step two, or in the remainder of his decision. *McConnell*, 2008 WL 833968, at *2. The Court in *McConnell* determined that although the ALJ failed to consider or mention an impairment, the ALJ did not commit error because the record "lack[ed] any evidence" that plaintiff's impairment hindered the plaintiff's ability to work. *Id.* at *4. For the reasons stated herein, the record failed to support any limitations due to Plaintiff's asthma that would impair her basic ability to perform work functions. Therefore, the ALJ's failure to discuss Plaintiff's impairment of asthma, alone, does not warrant remand.

Plaintiff argues the ALJ failed to comply with SSR 96-8p, (S.S.A. 1996), because he failed to consider the effect of Plaintiff's asthma on her ability to work. (Dkt. No. 11 at 4 [Pl.'s Mem. of Law].) In support of her argument, Plaintiff provides a list of the forty two times asthma was mentioned in the record. (Dkt. 11 at 4-5 [Pl.'s Mem. of Law].) However, Plaintiff fails to provide support from the record which prescribed actual functional limitations. Of the forty two times Plaintiff cites to the record for documentation of Plaintiff's asthma, asthma was primarily mentioned in the context of medical history. (*Id.* at 4-5.) The record did show normal respiratory examination in April 2009, during that time Plaintiff indicated her asthma flared with viral infections, pool chlorine water, and seasonal allergies. (T. 359.) During that examination Plaintiff's smoking history was also noted. (*Id.*) SSR 96-8p states, "when there is no allegation of

8

[. . .] a restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8p (S.S.A. July 2, 1996). Here, the record contained no functional limitations based on Plaintiff's asthma that would impose additional work related restrictions, therefore, the ALJ did not err in his RFC determination.

Plaintiff also states in her brief that she testified she suffers with asthma and that her asthma is triggered by fumes and weather. (Dkt. No. 11 at 3 [Pl.'s Mem. of Law].) However, this testimony is not found in the record. Plaintiff listed asthma as a medical condition in her Disability Report. (T. 139.) At the hearing Plaintiff only referred to her asthma medication. (T. 35.) The record did not contain any other testimony from Plaintiff regarding her asthma. The record did contain testimony that Plaintiff tended a garden, went for walks, and cleaned. (T. 36-39.) The record was also void of any hospitalization records due to asthma. Therefore, Plaintiff's assertion that she testified that her asthma is triggered by fumes and weather is questionable and without merit.

Plaintiff's treating providers, Ms. Meltz and Dr. Keukijian, completed a form titled "Medical Examination for Employability Assessment Disability Screening, and Alcoholism/Drug Addiction Determination" for the New York Office of Temporary and Disability Assistance. (T. 341-342.) Therein, they opined Plaintiff suffered from various medical conditions, including asthma. (T. 341.) The providers opined Plaintiff's asthma was stable. (*Id.*) The providers opined Plaintiff should avoid "dusty, hot[,] cold environment[s] due to asthma." (T. 342.) However, as stated herein, the ALJ properly concluded the environmental limitations were not supported by the evidence in the

9

record.  Further, even if the ALJ committed error in failing to include the environmental limitations in the RFC determination his error would be harmless because the limitations would not erode the occupational base.

The ALJ afforded the providers' opinion "some weight."  (T. 18.)  The ALJ reasoned the medical source statement form provided no specific functional limitations and the limitations were not supported by examination findings.  (*Id.*)  Plaintiff argues, without citing to the record for support or providing a legal standard, that the statement of the providers was entitled to controlling weight.  (Dkt. No. 11 at 5 [Pl.'s Mem. of Law].)[2]  The ALJ did not err in the weight afforded to the treating providers' opinion.  As stated above, the evidence in the record failed to support any work related functional limitations due to Plaintiff's asthma.  *See Goff v. Colvin*, No. 5:14-CV-1007, 2015 WL 3936919, at *4 (N.D.N.Y. June 26, 2015) (environmental limitations were unwarranted where plaintiff lacked asthma exacerbations and hospital visits).  Further, SSR 85-15 indicates that the broad employment base would not be eroded "where a person has a medical restriction to avoid excessive amounts of noise, dust, etc."  SSR 85-15.  Therefore, the ALJ did not err in his evaluation of Plaintiff's asthma at any step in the sequential process and substantial evidence supported the ALJ's RFC determination

---

[2]   The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).
  The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)).

which did not include additional limitations based on Plaintiff's asthma and therefore, neither remand nor reversal is recommended.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 18, 2015

_____
William B. Mitchell Carter
U.S. Magistrate Judge